UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dawn F. Floyd and Allen W. Floyd,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>Daniel Ray,<br><br>　　　　　　　Defendant | CASE NO.: _____<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

COME NOW, Plaintiffs Dawn F. Floyd and Allen W. Floyd, by and through their undersigned counsel of record and pursuant to the Federal Rules of Civil Procedure, and hereby allege against Defendant Daniel Ray as follows:

**JURISDICTION AND VENUE**

1. The Plaintiffs bring this claim in this Division as the incident that gives rise to this action occurred in Marion County. The Plaintiffs further invoke this Court's concurrent jurisdiction to hear claims arising under the United States Constitution and federal statutes, 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the Fourteenth Amendment to the United States Constitution.

**PARTIES**

2. Plaintiffs Dawn F. Floyd and Allen W. Floyd are the parties bringing this suit and are citizens and residents of Marion County, South Carolina.

3. Defendant Daniel Ray ("Lt. Ray") was employed as a law enforcement officer the City of Marion Police Department ("CMPD") and, at all times mentioned herein, was acting in the

1

course and scope of his employment under color of law. Lt. Ray is sued in his individual capacity under 42 U.S.C. § 1983, 1988 and the Fourteenth Amendment to the United States Constitution.

## FACTUAL ALLEGATIONS

4. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs as if set forth verbatim herein.

5. On the afternoon of November 15, 2020, Lt. Ray observed Dylan Godwin ("Godwin") operating a motor vehicle, suspected that he was speeding, and attempted a traffic stop.

6. Godwin failed to stop and Lt. Ray initiated a high speed pursuit of Godwin.

7. The vehicle pursuit occurred during daytime hours and across both highway 501 and two lane undivided roadways in both commercial and rural areas.

8. Both vehicles involved in the pursuit reached speeds in excess of 100 mph. Mr. Godwin's vehicle reached speeds in excess of 150 mph at times.

9. Both vehicles involved in the pursuit crossed the center line and drove on the wrong side of the road at times.

10. During the pursuit, multiple uninvolved vehicles were overtaken or passed in close proximity by the fleeing vehicle and the pursuing law enforcmeent vehicles, and there was at least one near-miss collision between Godwin and other officers from City of Marion Police Department.

11. At one point, Lt. Ray pulled in front of Godwin, blocking his vehicle's path forward, and Godwin stopped his vehicle.

12. Lt. Ray then exited his vehicle, pulled his service weapon, and clearly instructed Godwin to exit his vehicle.

13. Despite the clear and unambiguous threat that deadly force would be used against him,

Godwin did not exit the vehicle and, instead, drove away at high speed.

14. Lt. Ray, despite the knowledge that Godwin had not stopped for blue lights and siren, had fled for several miles at high speed while driving recklessly in the vicinity of bystander traffic and while being pursued by law enforcement, and that even the threat of the use of deadly force had not caused Godwin to stop, nevertheless resumed his pursuit of Godwin, who was now heading into the Town of Marion just as people were getting out of church and headed to Sunday dinner with their families.

15. It was not a matter of if, but when, this lengthy, high-speed vehicle pursuit would end in tragedy. That moment came when Godwin, with Lt. Ray in active pursuit, collided head-on with the vehicle occupied by Plaintiffs in the Town of Marion.

16. Lt. Ray had sufficient time to deliberate, consider, and exercise reasoned judgment concerning his conduct including the initiation, continuation, and failure to terminate the vehicle pursuit.

17. The conduct of Lt. Ray created a substantial risk of serious harm and death to those around him and constituted a conscience-shocking deliberate indifference to the lives and safety of the general public.

18. The conduct of Lt. Ray violated clearly established federal law and the United States Constitution.

**Sworn Testimony of Lt. Ray**

19. Lt. Ray was deposed on July 21, 2023 in connection with companion case 2021-CP-33-00565 (*Floyd v. Godwin et al.*).

20. In his testimony, Lt. Ray agreed that the 2018 Marion Police Department Vehicle Pursuit and Emergency Vehicle Operation Policy (hereinafter "the Policy") was the applicable

policy governing his pursuit of Godwin.

21. Lt. Ray acknowledged that the Policy is not merely a set of guidelines, but it includes instructions and commands that must be complied with.

22. Lt. Ray also testified that the stated purpose of the policy was to maximize safety to all persons involved in vehicle pursuits, including other motorists on the roadway.

23. Lt. Ray agreed that vehicle pursuits on public roadways, at speeds above the speed limit, in the presence of other traffic, pose a danger to the public.

24. Lt. Ray testified that when officers do not follow the Policy, people can be injured or killed, and that all CMPD employees are required to follow the Policy.

25. Lt. Ray agreed that the Policy only allows officers to exceed the speed limit if doing so does not endanger life or property.

26. Lt. Ray gave and endorsed examples of actions that would endanger the lives of others, to include:

    a. Driving on the wrong side of the road;
    b. "Driving too close at speeds";
    c. Passing an area where "a lot of citizens" are expected to be at speeds; and
    d. Colliding with other vehicles.

27. During his pursuit of Godwin, Lt. Ray performed all of the actions listed in Paragraph 26.

28. Lt. Ray testified that he was the supervisor on duty, per the Policy, at the time of the pursuit in addition to being the primary pursuing officer.

29. Despite his role as the supervising officer, Lt. Ray testified that he "didn't know [the] actions" of other officers involved in the pursuit at the time of the pursuit.

30. Lt. Ray agreed that the Policy requires officers to discontinue the pursuit if the hazardous

circumstances or environmental factors present pose an unreasonable risk to public safety.

31. Lt. Ray admitted that the pursuit at issue in this case was not terminated or discontinued.

## FOR A FIRST CAUSE OF ACTION

## 42 U.S.C. 1983 - 14th Amendment Claim of Violation of Due Process

32. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs as if set forth verbatim herein.

33. The conduct of Lt. Ray by continuing to pursue Godwin at such extreme rates of speed into the Town of Marion with full knowledge that Goodwin would never stop on his own volition constituted a conscience-shocking deliberate indifference to the lives and safety of the general public in violation of Plaintiffs' Fourteenth Amendment Rights.

34. Lt. Ray violated 42 U.S.C. §1983 while acting under color of law by depriving Plaintiffs of the following clearly-established and well-settled constitutional rights protected by the Fourteenth Amendment to the U.S. Constitution:

   a. The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking conduct as secured by the Fourteenth Amendment;

   b. The right to be free from deprivation of life, limb and property without substantive due process and from state created/enhanced danger as secured by the Fourteenth Amendment;

   c. And in such other particulars as may be learned through discovery.

35. The conduct of Lt. Ray was so egregious, and so outrageous, that it may fairly be said to shock the contemporary conscience.

36. Lt. Ray either knew or had fair warning that his conduct was unlawful.

37. A reasonable law enforcement officer in the position of Lt. Ray could have never reasonably believed that their conduct was permissible under established legal standards.

38. As a direct result of the conscience shocking and/or deliberately indifferent conduct to life

5

by Lt. Ray, Plaintiffs suffered bodily injuries.

39. As a direct and proximate result of the violation of Plaintiffs' constitutionally protected rights by Lt. Ray, Plaintiffs are entitled to recover actual and punitive damages from him as determined by a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following:

a. A trial by jury;

b. Judgement against the Defendant;

c. For for all damages recoverable under Federal law, including actual and punitive damages, in an amount to be determined by a jury;

c. The costs of this action, including reasonable attorney's fees;

d. For such other relief as this Honorable Court may deem just and proper.

CLAWSON FARGNOLI UTSEY, LLC

s/ Christy R. Fargnoli   .
Samuel R. Clawson, Jr., Esq. (#11850)
Christy R. Fargnoli, Esq. (#10364)
The Presqu'ile House
2 Amherst Street
Charleston, South Carolina 29403
843.970.2700 (o)
843.970.1780 (f)
sam@cfulaw.com
christy@cfulaw.com

-AND-

Alexander S. Hogsette, Esq. (#11907)
HATFIELD TEMPLE LAW, LLC
170 Courthouse Square
Post Office Box 1770
Florence, SC 29503-1770
(843) 662-5000

Attorneys for Plaintiffs

August 28, 2023
Charleston County, South Carolina